## LITTLE GROCER CO. V. JOHNSON.

1. PARTIES: *Action against administrator in individual and representative capacity.*
    The surviving maker of a promisory note who is the administrator of his deceased co-obligor, may be sued on the note in his individual and also in his representative capacity, at the same time.

Little Grocer Co. v. Johnson.

2. PARTNERS: *Liability on note made by co-partners in firm name; Misleading instruction.*
In an action against A. B. as the co-obligor of C. D. on a note executed by the latter, the testimony tended to show that when the note was executed they were partners under the firm name of C. D. and that the consideration of the note was merchandise previously sold to the firm. The court instructed the jury that if they believed the plaintiff's agent at the time of taking the note was informed that defendant was not a partner, and when so informed, did not require him to sign the note but took the same on C. D., then the plaintiff could not recover from defendant. *Held:* That if it was true that the partnership existed and the note was made in the settlement of a partnership debt, then it bound the defendant, although he did not sign it; and as the instruction withdrew these facts from the jury it was misleading.

APPEAL from *Montgomery* Circuit Court.

H. B. STUART, Judge.

*Sam W. Williams,* for appellant.

1. Under the Code, it is no longer necessary to sue an administrator separately from one jointly liable with the intestate.

2. The instruction of the court was misleading.

COCKRILL, C. J. This was a suit upon two promissory notes which the appellant's complaint alleges were executed and delivered to it by D. B. Johnson for goods, wares and merchandise sold and delivered by the company to D. B. & L. J. Johnson, a mercantile copartnership doing business under the style of D. B. Johnson; that D. B. Johnson afterwards died and that L. J. Johnson was the administrator upon his esteate.

The plaintiff was forced to dismiss its action against the administrator of D. B. Johnson, upon the idea that L. J. Johnson could not be sued in his individual and fiduciary relation at the same time; and the cause was tried upon the answer of L. J. Johnson denying that he was a partner in the firm and alleging that the notes were executed by D. B. Johnson for his individual debt. There was a verdict for the defendant.

The evidence showed that L. J. Johnson had held himself out to plaintiff as a partner in the business of D. B. Johnson

Little Grocer Co. v. Johnson.

before and about the time of the sale of the goods for which the notes were given, and tended to show that he was actually a partner at that time as well as when the notes were executed.

1. PART-
NERS:
Liability
on note
made by co-
partner in
firm name:
Misleading
instruction.

L. J. Johnson testified, among other things, that the notes were delivered to an agent of the appellant at D. B. Johnson's place of business, and that at the time of their delivery, D. B. Johnson told the agent that, he, L. J. Johnson, was not his partner and would not sign the notes. Whether this occurred before or after the notes were delivered, or what reply was made by the agent, the record does not disclose. The court, however, upon this branch of the case instructed the jury that if they believed the plaintiff's agent at the time of taking the notes sued on "was informed that L. J. Johnson was not a partner, and when so informed did not insist or require L. J. Johnson to sign the notes with D. B. Johnson, but took them on D. B. Johnson, plaintiff could not recover of D. B. Johnson alone." This instruction was misleading and inapplicable to the state of facts presented for the jury's consideration. The testimony tended to show that the Johnson's were partners doing business under the firm name of D. B. Johnson, and that the consideration of the notes was merchandise which had been previously sold to the firm. If this was true, the notes executed by one of the partners, in the firm name, bound the other whether he signed it or not. But these considerations were withdrawn by the instruction, from the jury. It is proable, in view of all the testimony, that the jury based its verdict upon the misconception produced by this instruction, and the cause must be tried anew.

2. PARTIES.
Action
against ad-
ministrator
in individ-
ual and rep-
resentative
capacity.

It was error also, to require the plaintiff to dismiss the action against the administrator, upon the ground indicated above. It is not necessary to sue an administrator separately from one who was jointly liable with the intestate,

and the case is not altered merely because the joint obligor and the administrator of the decedent are the same person.

The judgment must be reversed and the cause remanded.